**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN HARVEST BAKING COMPANY, INC.,<br><br>        Defendants. | 1:15-cv-00663-NLH-AMD<br><br>**OPINION** |

**APPEARANCES**:

EVAN YABLONSKY
SAMUEL J. THOMAS
BRESSLER AMERY & ROSS PC
325 COLUMBIA TURNPIKE
SUITE 300
FLORHAM PARK, NJ 07932
    On behalf of Plaintiff

GARY PAUL LIGHTMAN
GLENN A. MANOCHI
LIGHTMAN & MANOCHI
4 ECHELON PLAZA
201 LAUREL ROAD, 8th FLOOR
VOORHEES, NJ 08043
    On behalf of Defendants

**HILLMAN, District Judge**

    Currently before the Court is the motion of Plaintiff to enforce a settlement agreement entered between the parties on July 12, 2016.[1] The settlement agreement provided that Defendant

---

[1] On July 28, 2016, the Court signed the parties' Joint Stipulation of Dismissal with Prejudice, which provided that this Court retained "jurisdiction until April 30, 2018 to

agreed to pay Plaintiff $98,982.05 in installment payments, beginning on July 20, 2016 and ending on January 20, 2018. The first twelve payments were $1,000 each, the next six payments were $1,500 each, and the final payment was $77,982.05. (Docket No. 62-3.)

Defendant failed to make the final payment. On January 24, 2018, Plaintiff emailed Defendant a Notice of Default. Plaintiff's Notice of Default stated that Defendant did not make the required last payment, and if Defendant failed to issue payment no later than February 2, 2018, Plaintiff would "proceed accordingly and without further notice." (Docket No. 62-4.) Plaintiff relates that after weeks of delay from Defendant and its failure to respond to Plaintiff's last offer to resolve Defendant's clear breach of the parties' agreement, Plaintiff had no choice but to file the instant motion to enforce the settlement agreement. (See Docket No. 64.) Plaintiff seeks an

---

enforce the terms of the Settlement and Release Agreement entered into by both parties." (Docket No. 59.) Plaintiff filed its motion to enforce the settlement agreement on March 13, 2018. (Docket No. 62.) The Court therefore has subject matter jurisdiction to consider Plaintiff's motion. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381–82 (1994) (providing that a court may retain jurisdiction to enforce a settlement agreement under the doctrine of ancillary jurisdiction if the parties' obligation to comply with the settlement agreement had been made part of the order dismissing the complaint in the action, either by (1) a separate provision in the order stating that the court retains jurisdiction over the settlement agreement, or (2) incorporation of the terms of the settlement agreement into the order).

2

order enforcing the terms of the settlement agreement and the entry of a final judgment in its favor in the amount of $77,982.05.[2]

**1. The Parties' Arguments**

Defendant has opposed Plaintiff's motion. Defendant does not refute that it failed to make the last installment payment to Plaintiff as it agreed to under the settlement agreement, but it argues that Plaintiff's motion is procedurally improper. Defendant argues that under the settlement agreement, Plaintiff's only remedy for Defendant's default is for Plaintiff to file a motion for default, seeking this Court's approval to file, execute and enforce a Stipulated Final Judgment. The only rub, Defendant argues, is that Defendant did not sign a

---

[2] Alternatively, Plaintiff seeks an order granting it leave to file an amended complaint against Defendant to reopen the case and to include claim for breach of the settlement agreement. Such relief is unnecessary and duplicative. The parties' settlement agreement is valid, and the remedy of rescission (including the repayment of previously paid funds) and reinstatement of a previously settled matter to the trial list, is an extraordinary remedy and requires an express agreement by the parties in the agreement, as well as acquiescence of the Court. See Kaur v. Assured Lending Corp., 965 A.2d 203, 209 (N.J. Super. Ct. App. Div. 2009) (explaining that restoring a matter to the trial list involves more than simply an agreement of the parties, the court is an interested party, and such a remedy should not be left to a vague suggestion but must be clearly set forth in the agreement). Here, Plaintiff does not need to institute a separate breach of contract case against Defendant because the Court retained jurisdiction to enforce the terms of the settlement agreement and Plaintiff brought its motion to enforce the agreement before the expiration of the Court's jurisdiction.

3

Stipulated Final Judgment, and therefore Plaintiff's motion to enforce the settlement agreement and obtain a final judgment for Defendant's breach is not a remedy permitted by the settlement agreement. Defendant suggests that Plaintiff is not left without options, as Plaintiff can refile its motion as a motion for default, which is permitted under the agreement, or institute a separate lawsuit for other remedies not limited by the settlement agreement.

In response, Plaintiff contends that Defendant's opposition is just another delay tactic, as the provision for default in the parties' agreement was not specified as the sole remedy for Defendant's breach, but rather one option available to Plaintiff in the event of Defendant's default of the installment payment agreement.

**2. The Default Provision in the Settlement Agreement**

Section 2 concerns default. In the event that Defendant "does not present timely payment of any installment":

- Counsel for Plaintiff will provide Defendant with a Notice of Default sent by electronic email.
- Within seven business days of receipt of the Notice of Default, "all unpaid amounts shall become immediately due and payable to" Plaintiff.
- Counsel for Plaintiff "shall hold the Joint Stipulation for Entry of Stipulated Final Judgment and

4

> the Stipulated Final Judgment in the amount of
> $98,982.05 [] less any payments made by [Defendant] to
> [Plaintiff] pursuant to this agreement in escrow
> pending the occurrence of an uncured default, if any.
> In the event of an uncured default [Plaintiff] shall
> be permitted to file a motion (the "Default Motion")
> with the United States District Court for the District
> of New Jersey seeking the Court's approval to file,
> execute and enforce the Stipulated Final Judgment
> (which opposition shall be limited to contesting the
> payment default or improper notice of default). A
> copy of the Stipulated Final Judgment is attached
> hereto as Exhibit A.

(Docket No. 62-3.)

### 3. Analysis

A settlement agreement between parties to a lawsuit is a contract. Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990) (emphasizing that "[s]ettlement of litigation ranks high in our public policy"). The interpretation of a contract is a question of law. Travelers Property Casualty Company of America v. USA Container Co., Inc., 686 F. App'x 105, 110–11 (3d Cir. 2017) (citing Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 46 A.3d 1272, 1276 (N.J. 2012)); cf. Kieffer v. Best Buy, 14 A.3d 737, 742 (N.J. 2011)

5

(explaining that the construction of a contract is a question of law for the court; however, that rule is predicated upon the absence of an issue of fact).

The Third Circuit has recently summarized the analysis of a contract under New Jersey law:[3]

---

[3] The Court notes that neither party submitted a brief with citations to law to support its arguments. Under L. Civ. R. 7.1(d)(1), every motion must be supported by "a brief, prepared in accordance with L. Civ. R. 7.2." A moving party is relieved of that obligation if that party files a statement under L. Civ. R. 7.1(d)(4) that "no brief is necessary and the reasons therefor." A motion that is not accompanied by either a brief or a statement that no brief is necessary may be rejected by the court. Kennedy v. City of Newark, 2011 WL 2669601, at *2 (D.N.J. 2011); cf. Stavitski v. Safeguard Properties Management, LLC, 2018 WL 501646, at *2 (D.N.J. 2018) (finding that despite the plaintiff's failure to comply with L. Civ. R. 7.2(d)(4), in the interests of expediency, the court nevertheless considered plaintiff's motion). However, a notice of motion that indicates that the relief sought is supported by an affidavit may be accepted as satisfying the requirements under L. Civ. R. 7.1(d)(1). Id. (citing Damiano v. Sony Music Entm't, Inc., 168 F.R.D. 485, 489 (D.N.J. 1996)). Even though Plaintiff did not provide a L. Civ. R. 7.1(d)(4) statement, Plaintiff filed its notice of motion indicating that it was relying upon an attached affidavit of counsel. (Docket No. 62.) The Court will deem that sufficient to comply with the procedural requirements of L. Civ. R. 7.1(d)(4).

The lack of any discussion of the relevant law by the parties is more troubling than the procedural issue. First, Plaintiff does not indicate which state's law applies to the settlement agreement. Absent a choice of law clause in a contract, as here, the governing law generally is the law of the forum where the contract is executed and performed. Centennial Ins. Co. v. Lithotech Sales, LLC, 29 F. App'x 835, 837, 2002 WL 312873, at *1 (3d Cir. 2002) (citing Restatement (Second) of Conflict of Laws § 188(3) (1971)) (other citation omitted). Thus, the Court will apply New Jersey law to the interpretation of the settlement agreement. Second, the parties do not cite to any law to support their arguments, leaving the Court to set

6

> Under New Jersey law, courts should enforce contracts as
> the parties intended, which is assessed by examining the
> plain language of the contract, the surrounding
> circumstances, and the purpose of the contract.  In
> addition, contract provisions are to be interpreted so as
> to give each provision meaning, rather than rendering some
> provisions superfluous. . . . [A] court will not make a
> different or better contract than the parties themselves
> have seen fit to enter into.

MacDonald v. CashCall, Inc., 883 F.3d 220, 228-29 (3d Cir. 2018) (citations omitted).

Here, Defendant does not argue that it did not default under the agreement, and Defendant does not argue that the agreement is unenforceable.  Instead, Defendant focuses on the remedies available to Plaintiff for its breach of the settlement agreement.  The Court finds Defendant's argument in opposition to Plaintiff's motion, and its apparent interpretation of the settlement agreement, on the issue of Plaintiff's remedies to be a non-sequitur.

Defendant argues that because the agreement provides for only one remedy for Defendant's breach – a motion for default – Plaintiff's motion to enforce the settlement agreement and to

---

forth the relevant law it must follow.  Because, however, the interpretation of the settlement agreement in this case does not require the assessment of disputed facts, and only requires the Court's construction of the agreement as a matter of law, the Court will resolve Plaintiff's motion, rather than direct the parties to provide caselaw-supported briefs, despite the procedural and substantive missteps.

7

obtain judgment in its favor is improper, and suggests that Plaintiff may refile its motion as one for default. Defendant also argues, however, that the motion for default is only relative to the Joint Stipulation, and Defendant did not sign the Joint Stipulation. Thus, under Defendant's view, even if Plaintiff re-styled its motion as one for default, Plaintiff would not be permitted to assert such a motion because it can only be based on the Joint Stipulation, which is lacking.[4]

Similarly, Defendant suggests that instead of its instant motion, Plaintiff has the option to file a new lawsuit to assert other remedies it may have. Defendant does not explain what those other remedies are, and such a contention is in direct contradiction to its argument that the motion for default based on the Joint Stipulation is Plaintiff's only available remedy under the settlement agreement.

The Court must construe the terms of the settlement agreement based on their plain meaning, the circumstances surrounding the settlement, and the ultimate purpose of the agreement. Through the settlement agreement, Defendant agreed to pay Plaintiff $98,982.05 in nineteen payments. Defendant does not dispute this. Defendant failed to make the last

---

[4] Defendant does not argue that the lack of a Joint Stipulation negates the entire settlement agreement.

payment, which breached the parties' agreement. Defendant does not dispute this either. Defendant's only dispute is with Plaintiff's chosen remedy for Defendant's admitted breach. It appears to the Court that Defendant's interpretation of the settlement agreement provides Plaintiff with no ability to remedy Defendant's breach. The Court cannot find as a matter of law that the parties intended for Plaintiff to have no ability to obtain relief for Defendant's admitted breach of their agreement. See, e.g., U.S. v. Winstar Corp., 518 U.S. 839, 870 n.15 (1996) (noting that "few contract cases would be in court if contract language had articulated the parties' postbreach positions as clearly as might have been done, and the failure to specify remedies in the contract is no reason to find that the parties intended no remedy at all").

Focusing on the plain language of the agreement rather than on the title of Plaintiff's motion, the agreement provides that when Defendant failed to make a required payment, Plaintiff would send Defendant a Notice of Default. Defendant failed to may the final payment on January 20, 2018, and on January 24, 2018 Plaintiff sent Defendant the Notice of Default via email.

The plain language of the agreement provides that when Defendant failed to cure that default within seven business days of receipt of the Notice of Default, all unpaid amounts would become immediately due and payable to Plaintiff. Defendant did

9

not make its final payment to Plaintiff within seven business days of receipt of the Notice of Default. Therefore, as of February 2, 2018, Defendant was obligated to immediately pay Plaintiff the final payment. Defendant failed to do so.

The remainder of the default provision in the parties' agreement explains the procedure if a Joint Stipulation is held by Plaintiff. It also provides that in the event of an uncured default, Plaintiff "shall be permitted" to file a default motion to enforce the Joint Stipulation. Nothing in this language, however, requires Plaintiff to file a default motion.[5] The agreement plainly provides that the parties agreed to allow Plaintiff to file such a motion, but only if it chose to do so.[6] Moreover, nothing in this language limits Plaintiff's remedies for Defendant's breach of its obligation to immediately pay

---

[5] The Court notes that even if Defendant signed the Joint Stipulation and Plaintiff filed a motion for default, the settlement agreement only permitted Defendant to oppose the motion if Defendant had not been provided with timely notice of default or the amount Plaintiff claimed was in default was incorrect. Defendant does not contend either error exists, regardless of how Plaintiff styled its motion.

[6] The Court also notes the irony of the defense that Plaintiff's remedy is limited by the failure of the Plaintiff to hold the contemplated signed Joint Stipulation. There should be no question that the agreement contemplated Defendant's acquiescence in such a stipulation and it would appear that if Defendant had refused (as Plaintiff claims) to sign the stipulation it would be in breach of the agreement. Equity considers done what ought to be done. Defendant may not use its own breach of the agreement to bar Plaintiff's enforcement of its essential terms.

Plaintiff the final payment. Any limitations of a party's remedies for the other party's breach must be specifically agreed upon. See, e.g., Kaur v. Assured Lending Corp., 965 A.2d 203, 208-09 (N.J. Super. Ct. App. Div. 2009) ("The circumstances here reveal a settlement that incorporated within its terms a series of installment payments with dates certain. Payments were made and accepted consistent with the terms of the agreement until the default. The only mention of remedy is contained first in Paragraph IV, providing for enforcement (and phrased as 'may') and Paragraph XI (phrased as 'opportunity'). In both instances, enforcement was not mandated but left to plaintiffs' choice as to when to enforce."); id. (explaining that a limitation of remedies should not be left to a "vague suggestion," but must be clearly set forth in the agreement).

When they resolved their dispute, Plaintiff and Defendant agreed in their settlement agreement that this Court would retain jurisdiction over the action to resolve "any dispute" concerning the settlement agreement. (Docket No. 62-3 at 6.) The parties also agreed in their settlement agreement and in their joint stipulation of dismissal that this Court would retain jurisdiction over the action "to enforce the terms" of the agreement. (Docket No. 62-3 at 5; Docket No. 59.) Under the terms of the settlement agreement, since February 2, 2018 Defendant undisputedly has owed $77,982.05 to Plaintiff. In

accordance with the parties' agreements that this Court resolve any dispute concerning the settlement agreement and enforce its terms, the Court finds that Defendant has breached its obligation under the agreement, and that Plaintiff is entitled to $77,982.05.

**4. Conclusion**

The Court has been compelled to expend judicial resources to determine what Defendant does not deny – that it owes Plaintiff $77,982.05, and its failure to pay Plaintiff is a breach of the parties' settlement agreement.  The Court sees no reason to delay granting Plaintiff's motion to enforce the settlement.  Plaintiff will have 15 days to provide to the Court a proposed from of judgment.

An appropriate Order will be entered.


Date: May 15, 2018                s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.